UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN; G ASSET
MANAGEMENT,

                    Plaintiffs,

              -against-

AB InBEV; CARLOS BRITO; CRAIG
KATERBERG; MABEL ZHANG,

                    Defendants.

20-CV-3845 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, alleging "loss of compensation from intellectual property usage." By order dated June 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, brings this complaint against AB In

BEV, a company that is a resident of Belgium; CEO Carlos Brito and General Counsel Craig

Katerberg, who are Manhattan residents, and HR Director Mabel Zhang, a resident of China. The

complaint set forth the following allegations.

Plaintiff Glickstein is the president of G Asset Management, which is also listed as a

plaintiff in this matter. Plaintiff previously "worked at Goldman Sachs, where [he] had a

leadership role on a $15bn transaction." Plaintiff also worked at "leading hedge funds," and has

"expertise in a number of sectors, specializing in value investing, including spin-offs and special

situation investing, including active strategies to maximize shareholder value." (ECF 2 at 5 ¶ III.)

On January 31, 2019, Plaintiff had a video interview with Katerberg and Zhang for the position of "M & A Director, Asia Pacific." In preparing for the interview, Plaintiff "spent substantial time analyzing the company to see if [he] could come up with any value creating recommendations for it, since [he] thought that it would be at least a good use of [his] company's time." During the interview, Plaintiff shared with Katerberg and Zhang his "recommendation that the firm spin-off its Chinese beer brands into a public company," and he was "happy to hear that [Katerberg] agreed with [Plaintiff's] new idea/recommendation, which we viewed as a trade secret." According to Plaintiff, it is "common in the investment business to be compensated for your ideas if they are used without having a contract prior to that." (*Id.*)

Plaintiff alleges that, although Defendants declined to hire him, they acted on his idea. He cited to news reports discussing "Budweiser's $11bn plus deal for Asian assets, like we said to cash out at high valuations is what we recommended." (*Id.* at 6.) Plaintiff discussed increased stock prices and other developments that "highlight[] the tremendous value for the company of doing this transaction and shows how me and my company's requested fees for the IPO are very immaterial compared to the large deal size and substantial value already created." (*Id.*) Plaintiff contacted Defendants and asked for "settlement compensation, to avoid a lawsuit, but have not heard back, therefore we seek compensation for our intellectual property since it [is] being stolen and used successfully without appropriate compensation has materially harmed me and my company." Plaintiff seeks $3 billion, which "represents a 6% fee, standard in the investment banking industry," on the approximate $50 billion worth of transactions [his] recommendations" generated.[1] (*Id.* at 6 ¶ IV.)

---

[1] Plaintiff recently filed four other cases in this District asserting similar claims against other defendants and seeking IFP status. *See Glickstein v. Bulsara* , ECF 1:20-CV-3897, 2 (S.D.N.Y. filed May 19, 2020); *Glickstein v. Nadler*, ECF 1:20-CV-4058, 2 (S.D.N.Y. filed May

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

**A.      Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the

plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). Plaintiff must also allege to a "reasonable probability" that the claim is in

excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted).

---

26, 2020); *Glickstein v. Johnson*, ECF 1:20-CV-4161, 2 (S.D.N.Y. filed May 29, 2020);
*Glickstein v. Lesser*, ECF 1:20-CV-4233, 2 (S.D.N.Y. filed June 3, 2020).

4

Plaintiff invokes the Court's diversity jurisdiction, and the complaint could be construed as asserting a state law breach of contract claim, but he does he not allege facts demonstrating that diversity jurisdiction exists. Plaintiff is a New York resident, as are Defendants Brito and Katerberg. Because complete diversity of citizenship is lacking, the Court lacks diversity jurisdiction over this action.

## B.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke the Court's federal question jurisdiction, and he fails to assert any facts suggesting that he can state any federal claims.

## C.     Claim on Behalf of G Asset Management

The Court must dismiss G Asset Management's claims. An association or other artificial entity, such as G Asset Management, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991).

5

Plaintiff does not assert that he is an attorney. The Court therefore dismisses G Asset Management's claims without prejudice.

**D.    Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). G Asset Management is dismissed as a party to this action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    June 25, 2020
          New York, New York

                                            _Louis L. Stanton_
                                            Louis L. Stanton
                                            U.S.D.J.